victed not for violating § 847.05 but on the marihuana charge. His claim is that the marihuana seized from him and admitted in evidence against him was "fruit of the poisonous tree" because his initial arrest was pursuant to the unconstitutional § 847.05. It may be that on remand his "fruits" claim will be rejected and the marihuana conviction reinstated. But the Florida Supreme Court did not speak to that question in light of its determination, based on holding § 847.05 constitutional, that the initial arrest was valid. Appellant has properly presented the federal question decided by the Florida Supreme Court and our plain duty is to reverse that court and remand for further proceedings not inconsistent with this opinion.

No. 74–69. PADILLA *v.* LAVINE, COMMISSIONER, DEPARTMENT OF SOCIAL SERVICES OF NEW YORK, ET AL. Appeal from Ct. App. N. Y. dismissed for want of substantial federal question.

No. 74–434. COLORADO CIVIL RIGHTS COMMISSION EX REL. MCALLISTER *v.* COLORADO ET AL. Appeal from Sup. Ct. Colo. dismissed for want of substantial federal question.

No. 74–5486. BRIMM *v.* WORKMEN'S COMPENSATION APPEALS BOARD ET AL. Appeal from Ct. App. Cal., 2d App. Dist., dismissed for want of substantial federal question.

No. 74–235. SEIDENFADEN ET AL. *v.* CITY OF LOUISVILLE ET AL. Appeal from Ct. App. Ky. dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied. MR. JUSTICE DOUGLAS would postpone further consideration of question of jurisdiction to hear-