Argued April 29, affirmed June 16, 1975

STATE OF OREGON, *Respondent, v.* EVELYN
MARKER (No. 87338), *Appellant.*
536 P2d 1273

*Craig R. Rockwell,* Salem, argued the cause and filed the brief for appellant.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General; Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

Defendant appeals from a conviction on a charge of disorderly conduct. ORS 166.025.[1] She was originally tried in district court and found guilty. She appealed her conviction to the circuit court, where she was again tried and convicted. It is from that conviction that she now appeals.

---

[1] ORS 166.025 provides in part:

"(1) A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

"* * * * *

"(b) Makes unreasonable noise * * *."

Defendant contends that ORS 166.025 is unconstitutional in that it is so broad and vague that prosecution under it violates due process of law.[2] She also argues that the specific section of the statute with which she was charged, i.e., ORS 166.025 (1)(b), "Makes unreasonable noise * * *," lacks the specificity required in a penal statute. Defendant further contends that assuming the statute is constitutional her alleged conduct does not come within the provisions of the statute.

■■ When the constitutionality of a statute is at issue, our first consideration is to interpret the statute, if at all possible, in a manner which will result in the upholding of the statute. *City of Portland v. White,* 9 Or App 239, 495 P2d 778, Sup Ct *review denied* (1972); *see also, State v. Hodges,* 254 Or 21, 457 P2d 491 (1969); *State v. Stich,* 5 Or App 511, 484 P2d 861, Sup Ct *review denied* (1971); *State v. Samter,* 4 Or App 349, 479 P2d 237 (1971). A criminal statute is not necessarily void for vagueness if it uses general language to categorize and proscribe certain acts. *State of Oregon v. Wojahn,* 204 Or 84, 282 P2d 675 (1955); *State v. Samter,* supra.

The determinative standard by which we examine a statute for vagueness is:

"A statute which creates a new crime must express itself with clarity so that those who are about

---

[2] Defendant demurred to the complaint on the ground that

"* * * the facts stated do not constitute an offense in that the instrument alleges a violation of ORS 166.025, said statute being so broad and vague that it is void on its face, and prosecution thereunder violates due process of law."

The complaint alleged that

"* * * on the 26th day of June, 1974, in the County of Marion and State of Oregon, then and there being, did then and there intentionally, unlawfully and wrongfully cause public inconvenience, annoyance and alarm by making an unreasonable noise, to-wit: pounding on walls, jumping up and down on floor, and yelling * * *."

to engage in the conduct which it endeavors to prohibit may know by reading the statute that they will be subject to punishment if they proceed. Nothing less than that is required by the due process clause of the Fourteenth Amendment. The same clause renders invalid state penal laws which fail to set forth a standard with sufficient clarity so that those affected by them may know in advance whether or not their contemplated course of conduct will be lawful. The standard must be expressed with such clarity that persons of common intelligence, after reading the statute, will not be compelled to guess as to its import or be unable to determine with reasonable certainty those to whom it is applicable. However, the standard need not be defined with such precision that those affected by it will never be required to hazard their freedom upon correctly foreseeing the manner in which a matter of degree may be resolved by a jury. * * *" 204 Or at 136.

See also, *United States v. Harriss,* 347 US 612, 74 S Ct 808, 98 L Ed 989 (1954).

With these basic guidelines in mind we now examine ORS 166.025.

The requisite mental element of disorderly conduct is the "* * * intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof * * *." We have previously held that similar language, contained in the harassment statute, ORS 166.065,[9] is not unconstitutionally vague. *State v. Sallinger,* 11 Or App 592, 504 P2d 1383 (1972). Although "public inconvenience" was not one of the terms we considered in *Sallinger,* we find that it is no more vague than the term "annoyance or alarm."

---

[9] ORS 166.065 provides in part:

"(1) A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he:

"* * * * *."

■ The words "public place" are defined in ORS 161.015. The common dictionary meaning of "inconvenience" is that which causes difficulty, trouble or discomfort, and it is the same type of conduct which is described by the words "annoyance" and "alarm" in the statute. *See, State v. Sallinger,* supra. We further note that "intentionally" and "recklessly" are defined in ORS 161.085. We conclude that the mental element of disorderly conduct is precisely defined and enables men of common intelligence to understand what is prohibited.[⊘]

We now turn our attention to the action element of the crime charged. Defendant argues that the term "unreasonable noise" as used in ORS 166.025 lacks the specificity required of a penal statute.

The word "unreasonable" is often used in the law, and is commonly defined as: not conformable to reason, irrational, not governed or influenced by reason, immoderate, excessive, exorbitant, foolish, unwise, absurd, silly, preposterous, senseless and stupid. *Beerman v. Kettering,* 14 Ohio Misc 149, 237 NE2d 644 (C P 1965); *Harris v. State Corporation Commission,* 46 NM 352, 129 P2d 323 (1942); *Southern Kansas Stage Lines Co. v. Public Service Comm.,* 135 Kan 657, 11 P2d 985 (1932).

Our research discloses that the word "noise" is also a well defined term. "Noise" most commonly means: a sound; loud, confused, or senseless shouting; any sound that is undesired or that interferes with something to which one is listening; an unpleasing sound; a sound that lacks agreeable music quality or

---

[⊘] In Colten v. Kentucky, 407 US 104, 92 S Ct 1953, 32 L Ed 2d 584 (1972), the Supreme Court upheld a Kentucky disorderly conduct statute which was being attacked for being void for vagueness which included language describing the mental element of the crime which is identical to the language of ORS 166.025.

is noticeably loud, harsh or discordant; inarticulated and confused sound. *Landry v. Daley,* 280 F Supp 968 (ND Ill 1968); *Vaszil v. Molnar,* 133 NJ Eq 577, 33 A2d 743 (1943).

There is a respectable line of authority holding that the term "making an unreasonable noise" is not specific enough to satisfy the requirements of a penal statute.

In *Marks v. City of Anchorage,* 500 P2d 644 (Alaska 1972), the court voided for vagueness a disorderly conduct statute almost identical to ORS 166.025. The court specifically noted that "unreasonable noise" was an indefinite term. *See also, Poole v. State,* 524 P2d 286 (Alaska 1974), holding impermissibly vague a disorderly conduct statute containing the term "makes a loud noise."

Disorderly conduct statutes containing language similar to ORS 166.025 have also been voided by federal courts. In *Original Fayette Co. Civic & Welfare League v. Ellington,* 309 F Supp 89, 92 (WD Tenn 1970), the court held unconstitutionally vague a statute which included the language "making any improper noise." *See also, Livingston v. Garmire,* 437 F2d 1050 (5th Cir), *opinion withdrawn and case remanded on other grounds* 442 F2d 1322 (1971). A Florida disorderly conduct statute containing the term "loud or unusual noise" was also found to be impermissibly vague. *Pritikin v. Thurman,* 311 F Supp 1400 (SD Fla 1970).

Other courts which have considered vagueness arguments with respect to disorderly conduct statutes similar to our own have concluded that such statutes are not void for vagueness.

The Connecticut disorderly conduct statute contains a section prohibiting "making unreasonable noise." The court in that state held that the entire

statute was constitutionally specific and not vague. *State v. Anonymous,* 6 Conn Cir 667, 298 A2d 52 (1972).

In *The People v. Raby,* 40 Ill2d 392, 394, 240 NE2d 595 (1968), *cert denied* 393 US 1083 (1969), the Illinois Supreme Court stated specifically that the word "unreasonable" is not vague. They further went on to reject a void for vagueness argument as to the Illinois disorderly conduct statute which included the language, "A person commits disorderly conduct when he knowingly: (1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace * * *." We note that the above quoted language is much less specific than that contained in ORS 166.025, but was still upheld as constitutionally specific. *See also, The People v. Crockett,* 41 Ill2d 226, 242 NE2d 235 (1968), *cert denied* 394 US 959 (1969).

In *Hess v. State,* 260 Ind 427, 297 NE2d 413 (1973), the Indiana Supreme Court rejected the vagueness argument to its disorderly conduct statute which contained the language "by loud or unusual noise."

■ Having reexamined ORS 166.025 in the light of both lines of cases, we conclude that the action element of ORS 166.025(1)(b) is described with words of common usage with a well defined, well understood and generally accepted meaning, and, as written, enables men of common intelligence to understand what conduct is prohibited. We are satisfied that the language of ORS 166.025(1)(b) is not vague, and that it contains the requisite specificity for a penal statute.

We now turn to defendant's contention that ORS 166.025(1)(b) is overbroad and, therefore, has a chilling effect on First Amendment rights. Such an

argument is relevant, of course, when the "noise" involved is a form of speech.

■ We think that the proper construction of the word "noise" is as follows:

"* * * When the word 'noise' in the statute is properly construed consistent with the First Amendment and traditional views, it encompasses communications made in a loud manner only when there is a clear and present danger of violence or when the communication is not intended as such but is merely a guise to disturb persons." *In re Brown*, 9 Cal3d 612, 619, 108 Cal Rptr 465, 469, 510 P2d 1017 (1973), *cert denied* 416 US 950 (1974).

It is our duty to interpret a statute, if at all possible, in a constitutional manner, and by giving the above construction to the word "noise" the statute is not overbroad.

Other states considering similar statutes have reached the same result with respect to the overbreadth argument. When a Pennsylvania disorderly conduct statute, which read in part,

"[w]hoever wilfully makes or causes to be made any loud, boisterous and unseemly noise or disturbance * * *,"

was attacked for being overbroad, the court upheld its constitutionality, and found that it was not overbroad. *Commonwealth v. Weiner*, 230 Pa Super 245, 247, 326 A2d 896, 897 (1974).

In *Hess v. State*, supra, the court considered a disorderly conduct statute containing the term "by loud or unusual noise." Here the court held that that statute did not infringe on the right of free speech because the statute is limited to speech which has a tendency to lead to violence.

We conclude then that ORS 166.025(1)(b) is not

void for overbreadth when given the application we do today. When speech is involved it can be classified prohibited noise only if there is a clear and present danger of violence or if the communication is not constitutionally protected speech but merely a guise to disturb persons.

Lastly we turn to defendant's contention that her conduct does not come within the scope of the statute because her conduct was not "public."

Defendant did not designate a transcript on this appeal.[9] Absent a transcript of the evidence the only proper issue for consideration is the sufficiency of the indictment to support the conviction. *State v. Lemon,* 251 Or 606, 447 P2d 394, *cert denied* 393 US 1004 (1968); *City of Coquille v. Schafer,* 14 Or App 88, 511 P2d 877 (1973). The indictment is sufficient to charge the crime of which defendant was convicted and the judgment must be affirmed. *State v. Lemon,* supra.

Affirmed.

---

[9] In the Notice of Appeal the

"Defendant-appellant designates the following portions of the record in addition to the trial court file: The demurrer, the order overruling the demurrer, the judgment, and all other appearances whatsoever of the defendant-appellant herein before the Marion County Circuit Court."