**Fagan DICKSON, Plaintiff-Appellant,**

**v.**

**Gerald FORD, President of the United States of America, and Elmer Staats, Comptroller of U. S., Defendants-Appellees.**

No. 75–2297
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 1975.

---

\* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

James R. (Ron) Weddington, Austin, Tex., for plaintiff-appellant.

John E. Clark, U. S. Atty., Hugh P. Shovlin, Asst. U. S. Atty., San Antonio, Tex., Robert H. Bork, Sol. Gen., U. S. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, Fagan Dickson, brought suit as a taxpayer, challenging the constitutionality of the Emergency Security Assistance Act of 1973, Pub.Law. 93–199.[1] Dickson's complaint alleged that the State of Israel "was created by and is an instrument of the larger entity known as the 'Jewish People'", and, hence, grants of foreign assistance by the United States to Israel are prohibited by the Establishment of Religion Clause of the First Amendment to the Constitution.

A three-judge court, convened pursuant to Title 28, U.S.C., Sections 2282, 2284, dismissed the complaint on two grounds: (i) Dickson failed to meet the standing requirements enunciated in *Flast v. Cohen,* 1968, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947, as a taxpayer to maintain the action, and (ii) the cause presented a nonjusticiable "political question". *Dickson v. Nixon,* W.D.Tex.

1974, 379 F.Supp. 1345. Direct appeal of the order of dismissal was taken to the United States Supreme Court, pursuant to Title 28, U.S.C., Section 1253. The Supreme Court on the basis of its holding in *Gonzalez v. Automatic Employees Credit Union,* 1974, 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249, vacated the order of the three-judge court, and remanded the case to the district court to enter a "fresh order". *Dickson v. Ford,* 1974, 419 U.S. 1085, 95 S.Ct. 672, 42 L.Ed.2d 677. On remand the three-judge court reiterated its determination that a nonjusticiable issue was presented, dissolved itself, and remanded the case to the convening judge for further proceedings. The convening judge granted Dickson's motion for leave to amend his complaint to include a challenge to Sections 18 and 45(a)(7) of the Foreign Assistance Act of 1974, Pub.Law 93–559, 88 Stat. 1795,[2] so as to avoid any question of mootness, and entered an order of dismissal, adopting the reasoning in the opinion of the three-judge court.

We affirm the dismissal of the action, agreeing with the district court that this cause clearly presents a nonjusticiable political question beyond the jurisdictional limitations imposed upon federal courts by Art. III of the Constitution. We decline to reach the issue of whether as a taxpayer Dickson has satisfied the standing requirements of *Flast v. Cohen,* supra, to challenge these Congressional appropriations.

The nonjusticiability of political questions is founded on the doctrine of separation of powers, whether a matter has been committed to another branch of government by the Constitution. *Baker v. Carr,* 1962, 369 U.S. 186, 210, 82 S.Ct. 691, 706, 7 L.Ed.2d 663, 682. The dominant considerations in reaching a determination that a question falls into the category of political questions have been held to be "the appropriateness under our system of government of attributing

---

1. The Emergency Security Assistance Act of 1973 authorized $2.2 billion for emergency military assistance or foreign military sales credits or both to Israel.

2. The Foreign Assistance Act of 1974 authorized $324.5 million in aid and $100 million in foreign military sales credits to Israel.

finality to the action of the political departments and also the lack of satisfactory criteria for a judicial determination . . ." *Coleman v. Miller,* 1939, 307 U.S. 433, 454–455, 59 S.Ct. 972, 982, 83 L.Ed. 1385, 1397; *Baker v. Carr,* supra at 210, 82 S.Ct. at 706, 7 L.Ed.2d at 682. Among the areas which the courts have traditionally deemed to involve political questions is the conduct of foreign relations, which "is committed by the Constitution to the executive and legislative—'the political'—departments of the government . . ." *Oetjen v. Central Leather Co.,* 1918, 246 U.S. 297, 302, 38 S.Ct. 309, 311, 62 L.Ed. 726, 732. While not every case which concerns foreign relations is beyond judicial determination, a "discriminating analysis" of the particular issues presented in a given controversy is called for. *Baker v. Carr,* supra, at 211–212, 82 S.Ct. at 707, 7 L.Ed.2d at 682.

■ Appellant's challenge to the constitutionality of the Congressional Acts in question is a challenge to the power of the President and Congress to conduct the foreign affairs of the United States. Both the Congress and the President have determined that military and economic assistance to the State of Israel is necessary at this time to "maintain a balance of forces in the Middle East and [to] maintain Israel's self-defense capacity, in accordance with long-standing national policy of the United States". S.Rep.No.93–657, 93d Cong. 1st Session 3 (1973); 9 Weekly Compilation of Presidential Documents 1291 (Oct. 29, 1973). We hold that a determination of whether foreign aid to Israel is necessary at this particular time is a "question uniquely demand[ing] single-voiced statement of the Government's views", *Baker v. Carr,* supra, at 211, 82 S.Ct. at 707, 7 L.Ed.2d at 682, and a decision "of a kind for which the Judiciary has neither aptitude, facilities nor responsibility . . . ." *Chicago & Southern Air Lines, Inc. v. Waterman S. S. Corporation,* 1948, 333 U.S. 103, 111, 68 S.Ct. 431, 436, 92 L.Ed. 568, 576.

Our reluctance to affirm the decision of the district court on the ground that appellant has failed to satisfy the second leg of the test enunciated in *Flast v. Cohen,* supra, is caused by the recent decisions of the Supreme Court in *Schlesinger v. Reservists Committee to Stop the War,* 1974, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706, and *United States v. Richardson,* 1974, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678, and by the apparent failure of the court below to distinguish between the Establishment Clause and the Freedom of Religion Clause of the First Amendment. Since we affirm the district court's dismissal of the cause on the alternative ground in that court's opinion that a nonjusticiable political question is presented, we express no view as to the correctness of the district court's opinion on the issue of taxpayer standing.

Affirmed.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.