542 P.2d 808
**STATE of Arizona, Appellee,**
v.
**Irene J. JOHNSON, Appellant.**
**No. 3232.**

Supreme Court of Arizona,
En Banc.
Nov. 17, 1975.
Rehearing Denied Dec. 16, 1975.

**384**

Bruce E. Babbitt, Atty. Gen. by William J. Shafer, III, and Stanley L. Patchell, Asst. Attys. Gen., Phoenix, for appellee,

Ross P. Lee, Maricopa County Public Defender by Richard Schmal, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Irene J. Johnson appeals from a conviction in the superior court of a violation of ARS § 13-371(A)(1), a misdemeanor. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, and ARS § 22-375.

On October 3, 1974, Officer Buddle of the Phoenix Police Department observed defendant acting in a loud and boisterous manner in the vicinity of 29th Avenue and Lawrence. Officer Buddle returned to the same vicinity shortly after the original disturbance. He and another officer heard screaming coming from a house, two houses distant from their location. They went to the house and there arrested defendant for disturbing the peace.

Appellant was convicted of disturbing the peace in the City Court for the City of Phoenix and appealed from that conviction to the Maricopa County Superior Court. Under the provisions of ARS § 22-375, this court has jurisdiction to consider the claim that ARS § 13-371 is unconstitutional. *State v. Robles*, 88 Ariz. 253, 355 P.2d 895 (1960).

Appellant argues that the word "neighborhood" as used in the statute, is so vague that it causes the statute to be overbroad and permits the state to reach protected activity. The portion of ARS § 13-371 in question reads as follows:

"A. A person is guilty of a misdemeanor who maliciously and wilfully disturbs the peace or quiet of a neighborhood, family or person by:

"1. Loud or unusual noise."

This argument blurs the constitutional inquiry by framing the objection that the statute is vague in terms of overbreadth. A constitutional inquiry into the over-

breadth of a statute is not concerned with its lack of clarity or precision. Rather, the proper inquiry is whether or not "it offends the constitutional principle that 'a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms.'" *Zwickler v. Koota,* 389 U.S. 241, 250, 88 S.Ct. 391, 396, 19 L.Ed.2d 444 (1967). In *State v. Starsky,* 106 Ariz. 329, 475 P.2d 943 (1970), we considered the constitutionality of ARS § 13–371 and found that the activities which were prohibited were not "an exercise of rights but rather are an abuse of rights and entails a gross lack of understanding—or calloused indifference—to the simple fact that the offended parties also have certain rights under the same Constitution." ARS § 13-371 is not unconstitutionally void for overbreadth.

We find no merit to appellant's argument that the term "neighborhood" refers only to a locality. Reference to any standard dictionary indicates that a common meaning also is:

"A number of people forming a loosely cohesive community within a larger unit (as a city, town) and living close or fairly close together . . ." *Webster's Third New International Dictionary.*

The appellant contends that in order to show a violation of the statute, there must be testimony that one of the people in the neighborhood was disturbed. We disagree. In order to determine whether the noise made by appellant was loud and unusual, it must be evaluated in terms of a reasonable man standard. Our inquiry must determine whether the noise would disturb a person of ordinary sensitivities; that is, the "language or conduct is to be adjudged to be disorderly, not merely because it offends some supersensitive or hypercritical individual, but because it is, by its nature, of a sort that is a substantial interference with (our old friend) the reasonable man."

People v. Harvey, 307 N.Y. 588, 123 N.E. 2d 81 (1954). The testimony of the police officers was sufficient to satisfy this standard.

The fact that there was no testimony from people in the neighborhood can be considered by the trier of fact, but such testimony is not required to sustain the charge.

Judgment of conviction affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.