## No. 27451

**The People of the State of Colorado v. Michael Barry Fitzgerald, Lynn William Frost, Thomas Lafallette Anno, and Althea Ann Burgess**

(573 P.2d 100)

Decided January 3, 1978.

Carroll E. Multz, District Attorney, Gordon W. Williams, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, William S. Schurman, Deputy, for defendants-appellees.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The People are here seeking review of a district court decision which affirmed the county court's dismissal of disorderly conduct charges against the appellees on the grounds that section 18-9-106(1)(a)[1] and (c), C.R.S. 1973, are unconstitutional. We reverse as to subsection (c).

The appellees contend that section 18-9-106(1)(c)[2] is unconstitutionally vague because (1) the word "unreasonable" is not specific enough to be commonly understood; and (2) the culpable mental state required is unclear. The appellees further argue that the statute is overbroad and violates the First Amendment of the United States Constitution and Article II, Section 10, of the Colorado Constitution because speech might fall within the scope of "unreasonable noise." We are not persuaded by these arguments.

## I. Vagueness

The constitutional requirement of definiteness, which the vagueness argument addresses, is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated

---

[1] On March 15, 1975, the appellees were each charged with two counts of disorderly conduct, section 18-9-106(1)(a) and (c), C.R.S. 1973. The trial court dismissed the charges on the grounds that the statute was unconstitutional on its face. While an appeal of this decision was pending in the District Court for the Fourteenth Judicial District, we held in *Hansen v. People,* 190 Colo. 457, 548 P.2d 1278 (1976), that section 18-9-106(1)(a) was unconstitutionally overbroad. Subsequently, the district court affirmed the trial court's ruling in the case at bar and held that section 18-9-106(1)(c) was unconstitutional on its face as "overly broad and vague." It is from this order that the People appeal.

[2] Section 18-9-106(1)(c) states that:

"A person commits disorderly conduct if he intentionally, knowingly or recklessly:

. . . .

"(c) Makes unreasonable noise in a public place or near a private residence that he has no right to occupy . . ."

418

conduct is forbidden by the statute. *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed. *United States v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1959). The Constitution, however, does not require impossible standards of specificity in penal statutes. *United States v. Woodard*, 376 F.2d 136 (7th Cir. 1967). Where speech may be involved in the proscribed conduct, a case-by-case analysis of the fact situations is required.

Where a statute is susceptible to different constructions, one constitutional and the other unconstitutional, the legislature is presumed to have intended to pass a constitutional statute. *Colo. v. Civil Rights Comm.*, 185 Colo. 42, 521 P.2d 908, *appeal dismissed*, 419 U.S. 1084, 95 S.Ct. 672, 42 L.Ed.2d 677 (1974). Therefore, whenever possible, a statute should be construed so as to obviate or reduce any constitutional infirmities. *Bolles v. People*, 189 Colo. 394, 541 P.2d 80 (1975).

The appellee argues that the term "unreasonable noise" as used in section 18-9-106(1)(c) lacks the specificity required of a penal statute. The word "unreasonable" is often used in the law.[3] *Webster's Third New International Dictionary of the English Language* (Unabridged, 1961), defines "unreasonable" as "evincing indifference to . . . appropriate conduct: ill regulated in behavior . . . exceeding the bounds of reason or moderation. . . ." The standard of unreasonableness must be used contextually. "[I]t merely articulates the standard of judgment which would be applicable even in its absence." *United States v. Woodard, supra.*

In *Heard v. Rizzo*, 281 F. Supp. 720 (E.D. Pa.), *aff'd per curiam*, 392 U.S. 646, 88 S.Ct. 2307, 20 L.Ed.2d 1358 (1968), a disorderly conduct statute containing the term "unseemly noise" was considered. The court said:

"Unseemly means not fitting or proper in respect to the conventional standards of organized society or a legally constituted community. [Citation omitted.] *It appears to this court that the term 'unseemly' is analogous to the oft-used term 'unreasonable.'* Certainly, it is no more vague. Just as certain conduct constitutes a civil or criminal wrong if done in an 'unreasonable' manner, so it must be recognized that unseemliness giving rise to disorderly conduct depends on the surrounding circumstances. Thus, shouting fire in a public library may be unseemly if indeed there is no fire, but if a fire did exist then the noise would be justified and not unseemly. Indeed, perhaps the ultimate issue is one of justification; for

---

[3]The legislature has enacted 86 statutes containing the word "unreasonable." In the Criminal Code the word "unreasonable" appears in section 18-1-707(4), C.R.S. 1973; section 18-3-105(1)(b), C.R.S. 1973; section 18-8-103(2), C.R.S. 1973; and section 18-9-106(1)(c), C.R.S. 1973.

people do have the right not to be annoyed or disturbed without justification. See, *United States v. Woodard*, 376 F.2d 136 (7th Cir. 1967)." (emphasis added).

*See also State v. Johnson*, 112 Ariz. 383, 542 P.2d 808 (1975) (loud or unusual noise); *State v. Anonymous*, 6 Conn. Cir. 667, 298 A.2d 52 (1972) (unreasonable noise); *People v. Raby*, 40 Ill.2d 392, 240 N.E.2d 595 (1968), *cert. denied*, 393 U.S. 1083, 89 S.Ct. 867, 21 L.Ed.2d 776 (1969) (Use of the word *unreasonable* "removes the possibility that a defendant's conduct might be measured by its effect upon those who are inordinately timorous or belligerent."); *State v. Hess*, 260 Ind. 427, 297 N.E.2d 413, *rev'd on other grounds, sub nom. Hess v. Indiana*, 414 U.S. 105, 94 S.Ct. 326, 38 L.Ed.2d 303 (1973) (unusual noise); *State v. Marker*, 21 Ore. App. 671, 536 P.2d 1273 (1975); *Commonwealth v. Greene*, 410 Pa. 111, 189 A.2d 141 (1963).[4]

A standard more specific then "unreasonable noise" would be impractical. The determination of disorderly conduct necessarily varies according to the time, location and decibel level of such conduct. *See Commonwealth v. Orlando*, ＿＿＿Mass.＿＿＿, 359 N.E.2d 310 (1977). The void for vagueness doctrine does not require a statute to be so specific that it is under inclusive. *United States v. Woodard, supra.* We hold, therefore, that section 18-9-106(1)(c) is not vague because it enables men of ordinary intelligence to comprehend what conduct is forbidden.[5]

## II. Overbreadth

The appellees contend that section 18-9-106(1)(c), by its use of the term "unreasonable noise," is overbroad, and has a chilling effect on First Amendment rights because noise can encompass speech. The appellees are correct, but *only* insofar as that noise does encompass communication efforts.

The state has a legitimate interest in controlling harmful, constitutionally unprotected conduct.
"Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect — at best a prediction — cannot, with confidence justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe. . . . [P]*articularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.*" (emphasis added).

---

[4]We note, however, that there is a respectable line of authority contrary to our holding. *See, e.g., Marks v. City of Anchorage*, 500 P.2d 644 (Alaska 1972).
[5]We do not reach the second part of the appellees' vagueness argument because it is without merit. *See* section 18-1-503(4), C.R.S. 1973.

*Broadrick v. Oklahoma, supra,* 413 U.S. at 615, 93 S.Ct. at 2917-2918, 37 L.Ed.2d at 842. The state's interest in section 18-9-106(1)(c) is to afford the captive audience protection from unreasonable intrusions into their recognizable privacy interests. *See Cohen v. California,* 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971); *In re Brown,* 9 Cal.3d 612, 510 P.2d 1017, 108 Cal. Rptr. 465, (1973), *cert. denied,* 416 U.S. 950, 94 S.Ct. 1959, 40 L.Ed.2d 300 (1974).

 Section 18-9-106(1)(c) cannot, consistent with First Amendment rights, be construed to prohibit automatically all speech which might disturb people even when the speaker had that intent. That type of construction of section 18-9-106(1)(c) obviously would not be within the statute's "plainly legitimate sweep." However, the state may act to prohibit, consistent with the First Amendment, the use of the human voice to disturb others when there is no substantial effort to communicate or when the seeming communication is used as a guise to accomplish disruption. *In re Brown, supra.* In interpreting the word "noise" as used in section 18-9-106(1)(c), insofar as it relates to communication, we adopt the rule laid down by the California Supreme Court in the *Brown* case:

"When the word 'noise' in the statute [6] is properly construed consistent with the First Amendment and traditional views, it encompasses communication made in a loud manner only when there is a clear and present danger of violence or where the communication is not intended as such but is merely a guise to disturb persons."

*See also People v. Marker, supra.*

In *People v. Hansen, supra,* we refused to give a limiting construction to section 18-9-106(1)(a). Subsections (a) and (c) are clearly distinguishable. The former clearly applied solely to efforts at communication; subsection (c) has a broader scope. In *Hansen* we were foreclosed from limiting section 18-9-106(1)(a) because of its legislative history.[7]

The ruling is reversed.

MR. JUSTICE GROVES dissents.

MR. JUSTICE GROVES dissenting:

I regard section 18-9-106(1)(c), C.R.S. 1973 as unconstitutionally vague.

---

[6] West Ann. Pen. Code, § 415 (loud or unusual noise).

[7] The Colorado General Assembly, in enacting subsection (a), followed section 42.01 of the Texas Proposal, now Tex. Penal Code Ann. Tit. 9, § 42.01(a)(2), except that it specifically omitted from subsection (a) the "fighting words" exception contained in section 42.01(a)(2) of the Texas statute. We do not have the same problem here because section 18-9-106(1)(c) was copied verbatim from the Texas statute, section 42.01(a)(5).