**BELL & POLLOCK, P.C., a Colorado professional corporation, Plaintiff–Appellant,**

v.

**CITY OF LITTLETON, a Colorado home rule city, Marvin Thrasher, as Treasurer of the City of Littleton, and Ralph S. Josephsohn, as Hearing Officer for the City of Littleton, Defendants–Appellees.**

No. 94CA0674.

Colorado Court of Appeals, Div. II.

Aug. 10, 1995.

Rehearing Denied Sept. 7, 1995.

Certiorari Denied Feb. 20, 1996.

Bell & Pollock, P.C., A. Gary Bell, Jr., Chad P. Hemmat, James B. Fairbanks, Littleton, for plaintiff-appellant.

Larry W. Berkowitz, City Attorney, Barry A. Segal, Assistant City Attorney, Littleton, for defendants-appellees.

Opinion by Judge CASEBOLT.

In this action concerning the collection of past due use taxes, interest, and penalties, plaintiff, Bell & Pollock, P.C., appeals the trial court's judgment on the pleadings entered in favor of defendant, the City of Littleton. We affirm.

Bell & Pollock is a law firm with offices located in the City of Littleton. After an audit, the city assessed Bell & Pollock $2,677.80 for unpaid use taxes, penalties, and interest.

Bell & Pollock protested the assessment and requested a hearing. The hearing officer upheld the assessment.

Bell & Pollock thereafter filed a complaint in the district court, alleging several grounds for relief. All claims for relief were dismissed by the trial court except Bell & Pollock's challenge to the use tax ordinance on the constitutional ground of vagueness. Thereafter, the trial court found that the ordinance was not unconstitutionally vague and upheld Bell & Pollock's tax liability. From this holding, Bell & Pollock appeals.

Bell & Pollock contends that the Littleton use tax ordinance is unconstitutionally vague under the Colorado Constitution because it requires taxpayers to pay the tax "promptly" and fails to define that term. Thus, it contends, the ordinance requires the performance of an act in terms so vague that people of ordinary intelligence must necessarily guess as to its meaning and differ as to its application. Further, it argues that, because this term is vague, there exists no valid method to collect the tax and the city's use tax ordinance is thus invalid in its entirety. We disagree with all of these contentions.

■ A claim that an ordinance is invalid because of vagueness is a constitutional due process challenge. *People v. Moyer,* 670 P.2d 785 (Colo.1983). *See* Colo. Const. art. II, § 25.

■ Municipal ordinances are presumed to be constitutional, and unless the ordinance adversely affects a fundamental constitutional right, the burden is upon the party challenging the ordinance to prove its unconstitutionality beyond a reasonable doubt. *People ex rel. City of Arvada v. Nissen,* 650 P.2d 547 (Colo.1982). If the constitutionality of an assailed ordinance is debatable, the ordinance should be upheld. *See Haney v. City Court,* 779 P.2d 1312 (Colo.1989).

■ An ordinance will not survive a vagueness challenge if it either forbids or requires the performance of an act in terms so vague that persons of ordinary intelligence must necessarily guess as to its meaning and differ as to its application. *Colorado Auto Auction Services Corp. v. City of Commerce City,* 800 P.2d 998 (Colo.1990).

■ A tax statute, like any other statute, must be construed to give consistent, harmonious, and sensible effect to all of its parts. *J.A. Tobin Construction Co. v. Weed,* 158 Colo. 430, 407 P.2d 350 (1965). Accordingly, it must be construed as a whole. *Howard Electrical & Mechanical, Inc. v. Department of Revenue,* 771 P.2d 475 (Colo.1989).

■ Legislation should be construed so as to obviate or reduce any constitutional infirmities. Hence, whenever legislation is capable of different constructions, one of which is constitutional and the other unconstitutional, the legislative body is presumed to have intended to pass the constitutional construction. *See People v. Fitzgerald,* 194 Colo. 415, 573 P.2d 100 (1978).

■ A use tax is supplementary to a sales tax. While a sales tax is imposed upon a purchase, a use tax is a levy upon the privilege of storing, using, or consuming tangible personal property. *International Business Machines Corp. v. Charnes,* 198 Colo. 374, 601 P.2d 622 (1979). Generally, vendors are liable for the payment of sales tax, but if a sales tax has not been collected by a vendor, the purchaser is liable for the use tax. *Howard Electrical & Mechanical, Inc. v. Department of Revenue, supra.*

Littleton City Code § 3–9–4–1 provides for the levy and collection of a use tax for the privilege of storing, using, or consuming any tangible articles of personal property not subject to the city sales tax.

Littleton City Code § 3–9–4–2 provides that the use tax is payable to and collected by the city treasurer in accordance with the schedule set forth in Littleton City Code § 3–9–3–5.

Section 3–9–3–5 of the Code states that every person who is subject to a use tax "shall, unless the time be otherwise specifically provided herein, promptly file a return with the City Treasurer and pay to him the full amount of tax due thereon...."

A.

Bell & Pollock argues that, because the term "promptly" is not defined in the Code,

the ordinance fails to pass constitutional muster because a potential taxpayer must necessarily guess at when the tax is actually due or to be paid. The City, on the other hand, asserts that an appropriate time is "specifically provided" for in Littleton City Code §§ 3–9–6–3, 3–9–1–4, and 3–9–1–2. Consequently, no examination of the meaning of the word "promptly" need be undertaken. The trial court agreed with the city, and we concur with that determination.

Littleton City Code § 3–9–6–3(A) states, in pertinent part:

> If any amount of sales or use tax is not paid on or before the last date prescribed for payment, interest on such amount at the rate imposed under subsection (I) of this Section shall be paid for the period from such last date to the date paid. The last date prescribed for payment shall be determined without regard to any extension of time for payment and shall be determined without regard to any notice and demand for payment issued, by reason of jeopardy, prior to the last date otherwise prescribed for such payment. *In the case of a tax in which the last date for payment is not otherwise prescribed, the last date for payment shall be deemed to be the date the liability for the tax arises,* and in no event shall it be later than [the date] the notice and demand for the tax is made by the City Treasurer.... (emphasis added)

"[T]he date the liability for the tax arises" is to be used in the calculation of penalties and interest. *See* Littleton City Code § 3–9–6–3(B), (G), and (H).

To ascertain "the date the liability for the tax arises," reference must be made to another portion of Littleton City Code § 3–9–1–4, which provides, in pertinent part:

> [E]very person who stores [or] uses ... in Littleton any article of tangible personal property purchased at retail as herein defined, is exercising a taxable privilege....

In addition, Littleton City Code § 3–9–1–2 provides:

> The term 'purchase' or 'sale' means the acquisition for any consideration by any person of tangible personal property or taxable services that are purchased, leased, rented, sold, used, stored, distributed, or consumed....

■ The above ordinance provisions, taken as a whole, provide that when the purchase or acquisition of personal property occurs that event triggers the "exercise of a taxable privilege" and furnishes the date that "the liability for the tax arises" under Littleton City Code § 3–9–6–3(A). Therefore, the tax is due and to be paid upon purchase of the tangible personal property.

### B.

■ Bell & Pollock next asserts that the ordinance does not specify the time for filing a use tax return and that, thus, it is unconstitutionally vague. Again, we disagree.

Littleton City Code § 3–9–6–12 provides in pertinent part:

> If any person neglects or refuses to make a return in payment of the taxes as required by this chapter, the City Treasurer shall make an estimate....

Construing this section with the balance of the ordinance provisions as a whole, *see Howard Electrical & Mechanical Inc. v. Department of Revenue, supra,* we conclude that the ordinance requires a return to be filed at the time the tax is paid, *i.e.,* upon occurrence of the taxable event. "Return in payment" connotes the simultaneous performance of two acts: (1) the filing of a return and (2) the payment of the tax.

Moreover, this section is consistent with our reading of Littleton City Code § 3–9–3–5, which requires the simultaneous filing of a return and payment of the tax when the triggering event of purchase or acquisition of tangible personal property occurs.

Consequently, we reject Bell & Pollock's contention that no time for filing a use tax return is appropriately specified in the ordinance.

Under this reading, then, the ordinance read as a whole is not unconstitutionally vague. Hence, we need not reach the issue whether the specific word "promptly" is unconstitutionally vague. Since the ordinance can be construed in a constitutional manner, Bell & Pollock has failed to meet its burden of proving the unconstitutionality of the ordinance beyond a reasonable doubt. Accordingly, we reject the contention that it is not

liable for past due use taxes, penalties, and interest.

*Rancho Colorado, Inc. v. City of Broomfield,* 196 Colo. 444, 586 P.2d 659 (1978), relied upon by Bell & Pollock, does not require a different result. There, the City of Broomfield, then a statutory city, was required to provide tax collection procedures which complied with certain statutory provisions. The court there determined that the collection procedures set forth in the city ordinance were contrary to statutory mandates. Hence, it declared the ordinance unconstitutional. That factual situation is not present here.

Second, in *Rancho Colorado* the plain language of the tax ordinance could not be reconciled with the reading advanced by the city. As noted above, such is not the case here.

Accordingly, the trial court properly upheld the constitutionality of the use tax ordinance and dismissed the claims asserted by Bell & Pollock.

Judgment affirmed.

JONES and PIERCE,* JJ., concur.