IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21293
Summary Calendar
_____

ABOLALA SOUDAVAR,

Plaintiff-Appellant,

versus

GEORGE BUSH, President of the United States,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-343
--------------------
July 31, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Abolala Soudavar ("Soudavar"), appeals the district court's dismissal of his complaint against George W. Bush, President of the United States ("President Bush") for lack of subject matter jurisdiction and failure to state a claim. Soudavar argues that President Bush unjustly issued executive orders imposing trade sanctions against Iran.

A dismissal for failure to state a claim will be upheld "only if, taking the plaintiff's allegations as true, it appears

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that no relief could be granted based on the plaintiff's alleged facts." Bass v. Parkwood Hosp., 180 F.3d 234, 240 (5th Cir. 1999). This court reviews legal determinations regarding the subject matter jurisdiction of a district court *de novo*. United States v. Alvarado, 201 F.3d 379, 381 (5th Cir. 2000).

The district court concluded, inter alia, that Soudavar's claim involved a nonjusticiable political question. Soudavar fails to make a persuasive argument that his challenge to the President's foreign policy does not present a nonjusticiable political question. See Dickson v. Ford, 521 F.2d 234, 236 (5th Cir. 1975). The district court also determined that President Bush was entitled to absolute immunity from damages liability. See Nixon v. Fitzgerald, 457 U.S. 731, 756 (1982). As Soudavar does not address this basis for the district court's dismissal, he has abandoned this issue on appeal. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Furthermore, the district court did not have jurisdiction to consider Soudavar's complaint under the Treaty of Amity. See Soudavar v. Islamic Republic of Iran, 186 F.3d 671, 674-75 (5th Cir. 1999).

For the foregoing reasons the district court's decision is AFFIRMED.