# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50671
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2019

Lyle W. Cayce
Clerk

JOE R. POOL,

      Plaintiff - Appellant

v.

DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, In His
Official Capacity as United States President; JAMES MATTIS,
SECRETARY, U.S. DEPARTMENT OF DEFENSE, In His Official Capacity
as United States Secretary of Defense; MARK GREEN, In His Official
Capacity as Administrator for United States Agency for International
Development,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-831

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

      Appellant Joe Pool filed suit as a taxpayer against President Donald J.
Trump, Department of Defense Secretary James Mattis, and the U.S. Agency

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-50671

for International Development Administrator Mark Green, in their official capacities.  Pool claimed that tax-funded foreign aid to Afghanistan and Pakistan violated the Establishment Clause of the First Amendment.  He sought to enjoin aid on the basis that Afghanistan and Pakistan are "religious organizations" and, according to Pool, congressionally-appropriated aid sent to these countries impermissibly established the Islamic religion.  Defendants moved to dismiss for lack of subject matter jurisdiction.  The magistrate judge recommended granting Defendants' motion to dismiss and concluded that Pool lacked standing as a taxpayer to challenge the foreign-aid payments, Pool's claims were barred by the political question doctrine, and that granting Pool leave to amend his complaint would be futile because his claims could not be pleaded in a manner that would confer subject matter jurisdiction.  The district court adopted the magistrate judge's report and recommendations, dismissing the suit without prejudice.  Pool appealed.

We review a district court's order granting a motion to dismiss for lack of subject matter jurisdiction de novo, applying the same standards as the district court.  *See Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).  On appeal, Pool has failed to challenge in his opening brief the district court's conclusion that he lacked standing and has therefore abandoned this argument.  *See Dixon v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508 (5th Cir. 2015).  This alone is grounds for affirmance.  But even if Pool's failure to challenge the district court's standing determination were not dispositive, his claims are also barred by the political question doctrine.  *See Dickson v. Ford*, 521 F.2d 234, 235 (5th Cir. 1975) (taxpayer's claim that foreign-aid payments to Israel violated the Establishment Clause was a nonjusticiable political question); *see also Baker v. Carr*, 369 U.S. 186, 210 (1962) (setting forth factors for evaluating whether a claim falls under the political question doctrine).

AFFIRMED.