Argued and submitted October 25, 2022, affirmed March 15, 2023

CITY OF SPRINGFIELD,
*Plaintiff-Respondent,*

*v.*

Shawn Jay KELLIM, Sr.,
*Defendant-Appellant.*

Lane County Circuit Court
20VI108980, 20VI108986;
A176946

527 P3d 68

Defendant appeals from two judgments entered after the trial court found defendant guilty of violating the City of Springfield's noise ordinance, Springfield Municipal Code (SMC) 5.220 (2019). Defendant assigns error to the trial court's denial of what was effectively his motion for a judgment of acquittal, contending that he was improperly convicted based on his exercise of his constitutional rights to free speech. Specifically, defendant contends that SMC 5.220(3)(f) (2019) is a "content-based" restriction on speech in violation of the Oregon and United States constitutions, both on its face and as applied to him, and that SMC 5.220(3)(f) (2019) is unconstitutionally vague and overbroad. *Held*: The Court of Appeals first rejected defendant's arguments under the Oregon Constitution that SMC 5.220(3)(f) (2019) is a "content-based" restriction. SMC 5.220(3)(f) (2019) is directed at noncommunicative elements, and, as applied to defendant, the record supports the trial court's conclusion that enforcement was directed at defendant's use of amplification in violation of the ordinance and not at the content of his speech. For similar reasons, the court also rejected defendant's argument that the ordinance violates the First Amendment, as a general matter or as applied to defendant. Lastly, the court concluded that the ordinance is not unconstitutionally vague or overbroad. The court therefore rejected defendant's arguments in their entirety and affirmed defendant's convictions.

Affirmed.

Murray S. Petitt, Judge pro tempore.

Ray D. Hacke argued the cause for appellant. Also on the brief was Pacific Justice Institute.

Janet M. Schroer argued the cause for respondent. Also on the brief were Taylor B. Lewis and Hart Wagner LLP.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

## SHORR, P. J.

Defendant appeals from two judgments entered after the trial court found defendant guilty of violating the City of Springfield's noise ordinance, Springfield Municipal Code (SMC) 5.220(3)(f) (2019).[1] The judgments ordered defendant to pay a $750 fine for each violation.[2] Defendant assigns error to the trial court's denial of what was effectively defendant's motion for a judgment of acquittal, contending that he was improperly convicted based on his exercise of his constitutional rights to free speech. As explained below, we affirm.

To briefly recount the salient facts, defendant preaches on a near-weekly basis on a public street in Springfield outside the entrance to a Planned Parenthood clinic that performs medical procedures including abortions. Defendant testified that he does so to "fulfill the directive given to us by Scripture" to save souls and "see babies saved as a result of that." He typically uses sound amplifying equipment so as to be heard on the busy street outside the facility.

On January 17, 2020, a Planned Parenthood security official called police because she had observed defendant with a bullhorn on Franklin Boulevard approximately 35 to 40 yards from the building and could hear defendant's amplified voice from inside the building, including from within patient examination rooms that are equipped with devices to reduce outside noise. When a police officer arrived, the security official stated that she wanted to pursue charges against defendant due to his use of a bullhorn that could be heard by patients inside the building's exam rooms. The security official testified that protestors near

---

[1] SMC 5.220 (2019) was amended after the noise violation citations in this case were issued. *See* Springfield Ordinance No. 6425 (2021). We cite to the 2019 version of the code throughout this opinion.

[2] The maximum fine under the ordinance is $720. SMC 5.220(5) (2019). When reciting the procedural history of this case in his brief, defendant notes that his fine is above the maximum. However, he assigns no error, plain or otherwise, to the amount of the fine nor does he raise any argument in the argument section of his brief that the fine was impermissible or that the judgments appealed from should be reversed and remanded for that reason. As a result, we do not reach that issue.

the clinic could, without using a bullhorn, speak to people as they entered the clinic if they desired to do so.

The police officer testified that when he arrived, he could hear the sounds from the bullhorn from the opposite side of the building, which was well over 50 feet from defendant's location. The officer approached defendant and instructed him to stop using the bullhorn or he would be issued a noise violation citation. Defendant responded that he had a legal right to use the bullhorn and would "gladly fight" any citation. The officer further gave defendant the opportunity to lower the sound of the bullhorn or turn it off, but defendant did neither. Defendant then continued to use his bullhorn and the officer cited him for a noise violation. The officer later admitted that local ice cream trucks produce sound that is designed to be heard within buildings, but that the city had no plans to enforce the ordinance as to ice cream trucks because the city does not receive complaints about them.

After the state presented evidence about the January 17 incident, defendant stipulated that similar facts occurred on a later date in May, which also resulted in a noise violation citation. Defendant then argued in closing that he did not violate the noise ordinance as a factual matter, but that, if he did, the court could not find him guilty because doing so would violate his right to free speech under the Oregon and United States constitutions.[3] Defendant also maintained that the City of Springfield was selectively enforcing the ordinance against him.

The trial court found the officer and the Planned Parenthood official credible and concluded that the state had met its burden of proof to establish that defendant had committed two noise violations. In a letter opinion, the court rejected defendant's constitutional arguments.

---

[3] Article I, section 8, of the Oregon Constitution provides, in relevant part, that "[n]o law shall be passed restraining the free expression of opinion, or restricting the right to speak *** freely on any subject whatever[.]" The First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law *** abridging the freedom of speech[.]" The First Amendment applies to state and local laws through the Due Process Clause of the Fourteenth Amendment. *See New York Times Co. v. Sullivan*, 376 US 254, 277, 84 S Ct 710, 11 L Ed 2d 686 (1964).

Defendant appeals. Although he nominally raises four assignments of error, we understand defendant to properly assert only one overarching assignment of error, namely that the court erred in denying his request for acquittal and convicting him of the two violations based on his exercise of his constitutional rights to free speech. He essentially raises four different arguments in support of that assignment. We briefly address and reject each of those arguments.

In his first two arguments, defendant contends that the city noise ordinance is a content-based restriction that violates the Oregon and United States constitutions. As relevant here, the City of Springfield municipal noise ordinance provides that "[n]o person shall create *** any noise that is unreasonable in its volume or duration." SMC 5.220(2) (2019). It then provides examples of *per se* violations, including, as relevant here,

"(f)   Using or operating any *** sound-amplifying device, in a manner that the sound produced thereby is plainly audible:

"(i)   Within any *** business *** other than the source of the sound; or

"(ii)   On public property or a public right-of-way 50 feet or more from such device, except as specifically authorized in writing from the government that owns or controls such property."

SMC 5.220(3)(f) (2019). There are also specifically listed exceptions, including exceptions for emergency vehicle sirens and sounds emanating from amplifying equipment at school athletic events. SMC 5.220(4)(e), (g) (2019).

Defendant contends that SMC 5.220(3)(f) (2019) is a "content-based" restriction on speech in violation of the Oregon and United States constitutions, both on its face and as applied to him. He further contends that the ordinance's exception for amplified sounds from school athletic events demonstrates that the city unconstitutionally favors the content of certain speech.

As to defendant's arguments under the Oregon Constitution, we reject them based on our decisions in *State v. Pucket*, 291 Or App 771, 422 P3d 341, *rev den*, 363 Or

727 (2018), and *State v. Rich*, 218 Or App 642, 180 P3d 744 (2008). In those cases, the defendants were convicted of violating a disorderly conduct statute, ORS 166.025(1)(b), that, like the ordinance here, proscribed making "unreasonable noise." We held that the statute was directed at noncommunicative elements and that enforcement was only unconstitutional if, as applied, the enforcement was directed at the content of the speech. *Pucket*, 291 Or App at 775; *Rich*, 218 Or App at 647.

As we concluded in *Pucket*, we conclude here that SMC 5.220(3)(f) (2019) is directed at noncommunicative elements, and that, as applied to defendant, the record supports the trial court's conclusion that enforcement was directed at defendant's use of amplification in violation of the ordinance and not at the content of his speech. *See* 291 Or App at 775-76. Further, the city may have reasonable time, place, and manner restrictions on noise, and can make exceptions for certain noise-creating events, like school athletic events, without violating the Oregon Constitution. *See City of Portland v. Tidyman*, 306 Or 174, 183, 759 P2d 242 (1988) (stating that "[t]his court has never held that an otherwise valid restriction must cover all or nothing, for instance that a city may not make evenhanded exceptions to an otherwise valid restriction").

For similar reasons, we also reject defendant's argument that the ordinance violates the First Amendment to the United States Constitution, as a general matter or as applied to defendant. "[T]he government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." *Ward v. Rock Against Racism*, 491 US 781, 791, 109 S Ct 2746, 105 L Ed 2d 661, *reh'g den*, 492 US 937, 110 S Ct 23, 106 L Ed 2d 636 (1989) (internal quotation marks omitted). The city has an interest in regulating unreasonable noise, the ordinance is narrowly tailored to serve that interest, and there was evidence in the record that defendant could communicate his message without a bullhorn or amplification device.

In his third argument, defendant contends that SMC 5.220(3)(f) (2019) is constitutionally void for vagueness. Having reviewed the ordinance and case law, we conclude that the ordinance is not unconstitutionally vague. Indeed, the ordinance is clear and specific in its application to defendant's conduct. Its text can be readily understood by citizens. *See State v. Marker*, 21 Or App 671, 677, 536 P2d 1273 (1975) (statute that proscribed making "unreasonable noise" was not unconstitutionally vague because the statute used "words of common usage with a well[-]defined, well[-]understood and generally accepted meaning, and, as written, enables [persons] of common intelligence to understand what conduct is prohibited"); *Kolender v. Lawson*, 461 US 352, 357, 103 S Ct 1855, 75 L Ed 2d 903 (1983) (stating that a penal statute is not void for vagueness if it defines the criminal offense with sufficient definiteness such that "ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement"). We also reject defendant's argument that the statute is so vague as to give law enforcement uncontrolled discretion to enforce the laws in an arbitrary and discriminatory manner; we specifically reject the contention that the city's failure to enforce SMC 5.220(3)(f) (2019) against ice cream trucks, which have apparently not been the subject of any public complaints, demonstrates that defendant was the subject of arbitrary and discriminatory enforcement.

We likewise reject defendant's final argument that SMC 5.220(3)(f) (2019) is unconstitutionally overbroad. As the trial court properly concluded, the ordinance is a valid time, place, and manner regulation that is not directed at expression. As such, although it may be subject to an "as applied" challenge under the Oregon Constitution, it is not subject to a challenge that it is facially overbroad. *See State v. Chakerian*, 135 Or App 368, 373, 900 P2d 511 (1995) (laws that fall into the "third category" under *State v. Robertson*, 293 Or 402, 649 P2d 569 (1982)—those that regulate forbidden effects without referring to expression at all—are not subject to overbreadth challenges). We further conclude that the SMC 5.220(3)(f) (2019) is not overbroad in violation of the First Amendment. The ordinance reasonably regulates

noise amplification—not speech itself—and does not pose a realistic danger of significantly compromising the First Amendment rights of parties not before the court. *See City Council v. Taxpayers for Vincent*, 466 US 789, 801, 104 S Ct 2118, 80 L Ed 2d 772 (1984) (stating that "there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on over-breadth grounds").

In conclusion, we reject defendant's arguments in their entirety and affirm defendant's convictions.

Affirmed.