Chief Judge Desmond.
The appeal 'comes directly to this court (CPLR 5601, subd. [b], par. 2) from a Supreme Court judgment which declared “ unconstitutional and null and void ” section 150 of the State Election Law and section 1 of article II of the State Constitution, insofar as they demand in the case of naturalized citizens an additional 90-day delay period before first vote. The New York State constitutional provision so invalidated makes eligible for voting every citizen of the age of 21 years “ who shall have been a citizen for ninety days ” (besides specifying for all citizens time requirements as to residence in the State, county, city or village and election district respectively). The challenged statute (Election Law, § 150) spells out the additional limitation even more precisely since besides listing in great detail the qualifications for voting it adds this: “ If a naturalized citizen, such person must, in addition to the foregoing provisions, have been naturalized at least ninety days prior to the day of election.”
Petitioner, a native of the Netherlands, immigrated to the United States in April, 1959. On August 11,1964, after fulfilling the Federal statutory (U. S. Code, tit. 8, § 1427) requirement of five years ’ residence in the United States, he was naturalized in New York City as a citizen of the United States and on August 13, 1964 attempted to register for the upcoming election of November 3. Respondents New York City Commissioners of Election refused to register him because, although he satisfied all other demands of the election laws, he had not acquired citizenship “ at least ninety days prior to the day of election.” He then brought this proceeding which ended in a judgment which declared the 90-day period void and directed the Election Commissioners to register petitioner for voting at the November, 1964 election provided he comply with all other conditions for registration and voting. Obeying the directive, the Commissioners registered him but appealed to this court from the judgment.
The Justice below found in our State Constitution and in section 150 a violation of the rights accorded to naturalized citizens *40 by the Federal Constitution. Schneider v. Rusk (377 U. S. 163, 165) was cited for the proposition that “ ‘ the rights of citizenship of the native born and of the naturalized person are of the same dignity and are coextensive ’ ” unless otherwise specified by the United States Constitution. Since, held the court below, a naturalized citizen is no less a citizen than one native born, any State law is void which imposes on naturalized persons more rigorous voting requirements than are applied to the native born. Furthermore, it was held below, the Federal naturalization statutes (see U. S. Code, tit. 8, § 1447, subd. [c]) themselves forbid naturalization within 60 days of a general election and, it is suggested, there is conflict between this and our State’s 90-day law. However, each of these two laws, Federal and State, recognizes the desirability of a waiting time between naturalization and voting and so in a sense they supplement rather than oppose each other.
Our constitutional and statutory provisions for a 90-day wait after naturalization and before voting are like all other legislative enactments supported by a presumption of validity so strong as to demand of those who attack them a demonstration of invalidity beyond a reasonable doubt, and the courts strike them down only as a last unavoidable result (Lincoln Bldg. Assoc. v. Barr, 1 N Y 2d 413; Wiggins v. Town of Somers, 4 N Y 2d 215; Matter of Roosevelt Raceway v. Monaghan, 9 N Y 2d 293, app. dsmd. 368 U. S. 12). This presumption is accompanied by another as to the statute: that the Legislature has investigated and found the existence of a situation showing or indicating the need for or desirability of the legislation (East N. Y. Sav. Bank v. Hahn, 293 N. Y. 622, affd. 326 U. S. 230). Thus, as to reasonableness, this plaintiff in order to succeed in his suit had to show that no reasonable basis at all existed for the 90-day time lag (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537; I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263).
It is not hard to find a reason for a stipulation that 90 days must elapse between naturalization and participation in the voting process as a citizen. Originally (1846 to 1894) the waiting period was 10 days, extended to 90 by the Constitutional Convention of 1894. The idea — or one of the ideas—back of it was to give the newly made citizen at least a short time to *41 consider his new responsibility and how to exercise it (2 Lincoln, Constitutional History of New York, p. 123). The resulting classification between newly naturalized citizens and others cannot be called purely arbitrary. At least four other States (Pennsylvania, Minnesota, Utah and California) have similar laws and the Minnesota statute has been upheld as to constitutionality by the State’s highest court (State ex rel. Engelhard v. Weber, 96 Minn. 422).
We find here no serious conflict between Federal and State law. The primary power to establish vote qualifications rests with the States, except as specifically limited (U. S. Const., art. I, § 2; 15th and 20th Amdts.) and even as to Federal elections (U. S. Const., art. II, § 1; Drueding v. Devlin, 234 F. Supp. 721, affd. without opn. 380 U. S. 125 [March 1, 1965]). The State may impose qualifications “ within limits ” (Gray v. Sanders, 372 U. S. 368, 379) and such restrictions are permissible as are designed to promote intelligent use of the ballot and are not merely arbitrary or unduly oppressive (see Lassiter v. Northampton Election Bd., 360 U. S. 45, 51; Reynolds v. Sims, 377 U. S. 533). New York State, having not irrationally concluded that a citizen should be such for at least 90 days before he votes, has not violated any of the prohibitions of the Federal Constitution nor has it entered into a pre-empted field. Setting voting qualifications is still the business of the States.
The judgment should be reversed and the petition dismissed, without costs.
Judges Dye, Van Voorhis, Burke, Scileppi and Bergan concur with Chief Judge Desmond; Judge Fuld dissents and votes to affirm.
Judgment reversed, etc.