■ In the Matter of ARTHUR FOSTER, Respondent, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, et al., Appellants.—Judgment unanimously reversed, on the law, and petition dismissed, without costs. Memorandum: Petitioner-respondent Arthur Foster was released on parole from the Attica Correctional Facility in early 1974. On December 30, 1975 he was returned to the facility as a parole violator with seven months and two days remaining to serve on his maximum term. He appeared before the parole board and was ordered held until his maximum expiration date. The State, relying on subdivision 5 of section 803 of the Correction Law which provides that a parole violator returned with less than one year remaining on his maximum term is ineligible for good behavior time credit, refused to permit him to earn good time against the remainder of his maximum term. Petitioner-respondent then commenced the instant proceeding, which resulted in a judgment permitting him to earn good time against the remainder of his sentence from the date of his return as a parole violator. The court held that subdivision 5 of section 803 of the Correction Law worked a denial of equal protection and was void. Petitioner-respondent's equal protection argument rests on the fact that the challenged section discriminates, for purposes of good time eligibility, between those

parole violators who have more than one year left to serve and those who have less. He concludes that the distinction is wholly arbitrary and does not rationally serve any legitimate State policy. Because every statutory enactment carries a strong presumption of validity, the burden is on the attacking party to demonstrate its invalidity beyond a reasonable doubt *(Nettleton Co. v Diamond,* 27 NY2d 182, 193; *Fenster v Leary,* 20 NY2d 309, 314; *Matter of Van Berkel v Power,* 16 NY2d 37, 40). Courts will also indulge the presumption "that the Legislature has investigated and found the existence of a situation showing the need for or desirability of the legislation", and will strike down a statute "only as a last unavoidable result" *(Matter of Van Berkel v Power, supra,* p 40). Moreover, as the parties agree, the test to be applied on this equal protection challenge is whether the statute has "some rational basis" *(McGinnis v Royster,* 410 US 263, 270; see also, *Dandridge v Williams,* 397 US 471, 487). Subdivision 5 of section 803 of the Correction Law provides, in pertinent part, as follows: "Time allowances granted prior to any release on parole or prior to any conditional release shall be forfeited and shall not be restored if the paroled or conditionally released person is returned to an institution under the jurisdiction of the state department of correctional services for violation of parole, violation of the conditions of release or by reason of a conviction for a crime committed while on parole or conditional release. A person who is so returned may, however, subsequently receive time allowances against the remaining portion of his maximum or aggregate maximum term or period not to exceed in the aggregate one-third of such portion *provided such remaining portion of his maximum or aggregate maximum term or period is more than one year."* [Emphasis supplied.] The italicized proviso was added by the Laws of 1969 (ch 270, § 2). Its purposes are thoroughly discussed in the memorandum of the division of parole in support of the bill (NY Legis Ann, 1969, pp 31–33). The memorandum indicates that the amendment aimed to restrict the rerelease of parole and conditional release violators *who are returned to prison near the ends of their sentences.* The memorandum points out that in the absence of some limitation on good time eligibility it would be possible for the violator to demand rerelease for an indefinite number of successively shorter periods of parole supervision. Such would still be true under present law if the one-year limitation were removed. Under section 70.40 (subd 1, par [b]) of the Penal Law, a prisoner under an indeterminate sentence "shall, if he so requests, be conditionally released * * * when the total good behavior time allowed to him, pursuant to the provisions of the Correction Law, is equal to the unserved portion of his maximum * * * term". An indeterminate-term prisoner is eligible to accrue good time equal to one third of his maximum sentence (Correction Law, § 803, subd 1). Thus, were it not for the one-year limitation on good time eligibility, a parolee returned with six months to serve could qualify for rerelease after four months, after which he would be "under the supervision of the state board of parole" (Penal Law, § 70.40, subd 1, par [b]) for the remaining two months of his sentence. Without some limit on good time eligibility, there would come a point where the period of parole supervision would be so short that the Legislature could rationally find that its rehabilitative value no longer justified the cost. Thus, one justification for the challenged statute is purely economic. A second justification, also discussed in the division of parole memorandum cited, is disciplinary. Since the granting of parole or conditional release *no longer interrupts the service of an indeterminate sentence, and since the parolee or conditional releasee no longer forfeits the "street time" served prior to the violation (Penal Law, § 70.40, subds 1, 3; cf. Hechtman, Practice Commenta-

ries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.40, pp 265–267, with Hechtman, Supplementary Practice Commentaries, Book 39, 1975–1976 Pocket Part, pp 20–21), his motivation to abide by the conditions of his release may decrease as he nears the end of his maximum term, because violation at such time would expose him only to brief incarceration. The problem is exacerbated if the returned violator is allowed to accrue good time and thereby render his period of incarceration briefer still. Thus, it was the Legislature's object that the one-year limitation on good time eligibility would provide some degree of leverage to those responsible for the supervision of recalcitrant parolees or conditional releasees whose sentences were nearly expired (see memorandum of division of parole, NY Legis Ann, 1969, pp 31–33). It is true, as respondent points out, that a prisoner serving a definite sentence is eligible to earn good time even if his sentence is for less than one year (Correction Law, § 804). However, the case of such a prisoner is distinguishable from that of an indeterminate-term prisoner who is returned for parole violation, because the latter might rationally be deemed a poorer risk for early release than is a definite-term prisoner, especially when it is borne in mind that indeterminate sentences are typically imposed for more serious crimes. It could be argued, and perhaps with some force, that subdivision 5 of section 803 of the Correction Law does an imperfect job of serving the goals advanced to justify it. However, it is not for this court to inquire whether the means adopted by the Legislature for the solution of a problem are the wisest, the neatest or the best, for " '[t]he problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific' " *(McGinnis v Royster,* 410 US 263, 270, quoting *Metropolis Theater Co. v Chicago,* 228 US 61, 69–70). Since we cannot say that the challenged statute does not rationally further any legitimate State purpose, we conclude that it does not violate equal protection guarantees. (Appeal from judgment of Wyoming Supreme Court—article 78.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.