OPINION OF THE COURT
Theodore A. Kelly, J.
This is a proceeding pursuant to CPLR article 78 for judgment directing respondent James P. Melton, Commissioner of Motor Vehicles of the State of New York, to issue a New York operator’s license to petitioner.
On October 8, 1976 petitioner was arrested in the Village of Piermont and charged with operating an uninsured vehicle. Petitioner subsequently pleaded guilty and was fined $100 by the Village Justice. His operator’s license was also revoked.
On September 21, 1977 petitioner applied to the Department of Motor Vehicles for an operator’s license. On November 16, 1977 the department informed petitioner that his *838 conviction for operating an uninsured vehicle had subjected him to a civil penalty of $300 under subdivision 5 of section 319 of the Vehicle and Traffic Law. An operator who is convicted of operating a motor vehicle without insurance may be fined not less than $100 and, upon conviction, becomes liable for the payment of the civil penalty of $300 provided in subdivision 5 of section 319 (Vehicle and Traffic Law, § 319, subd 1). An operator’s license which has been revoked for operating an uninsured vehicle may not be restored until all civil penalties to be paid pursuant to subdivision 5 of section 319 have been paid (Vehicle and Traffic Law, § 318, subd 14). Petitioner was advised that his application would be considered when he had disposed of the civil penalty. Petitioner then demanded a hearing pursuant to subdivision 4 of section 319 of the Vehicle and Traffic Law.
A hearing was held before the administrative appeals board on February 9, 1978. On March 2, 1978 the department’s determination was confirmed.
Petitioner contends that subdivision 5 of section 319 of the Vehicle and Traffic Law is unconstitutional since it subjects an operator convicted of driving an uninsured vehicle to a double penalty. He further contends that the penalty was improperly imposed by the department under subdivision 4 of section 319. Subdivision 4 of section 319 provides in part as follows: "Where the commissioner finds, other than by means of the receipt of a certiñcate of conviction, that a person has violated any provision of subdivision one of this section, such person shall become liable for payment to the department of the civil penalty provided in subdivision five of this section.” (Emphasis supplied.)
Petitioner’s attorney alleges that petitioner was not liable for a civil penalty since the department learned of his conviction through a certificate of conviction from the Justice Court, and not by some other means. The court does not read section 319 this way. Section 319 imposes a civil penalty for operation of a motor vehicle without insurance. This fact may be brought to the department’s attention through receipt of a certificate of conviction or through some other means. Acceptance of petitioner’s argument would mean that the department could not impose the penalty if they learned of the conviction through a certificate of conviction, but only if they learned through some other means. Since convictions must be certified to the Commissioner of Motor Vehicles (Vehicle and *839 Traffic Law, § 514, subd 1), petitioner’s interpretation would render the penalty provision meaningless.
As to the alleged unconstitutionality of section 319 insofar as it imposes a civil penalty, it is fundamental that legislative enactments are presumed constitutional and are presumed to be supported by facts known to the Legislature and found by it to require the legislation (8 NY Jur, Constitutional Law, §§ 59, 62; Matter of Van Berkel v Power, 16 NY2d 37). Petitioner argues that the civil penalty provision violates section 6 of article I of the New York State Constitution which provides that no person shall be twice put in jeopardy for the same crime nor deprived of property without due process of law. There is no merit to the claim of double jeopardy. The imposition of a civil penalty does not place petitioner in jeopardy again for operating a motor vehicle without insurance. Nor does it constitute punishing for the same offense twice, since the imposition of the penalty and of the criminal prosecution are each but parts of the one punishment for the offense (44 NY Jur, Penalties and Forfeitures, § 7). Further, it is well settled that the State may impose penalties for violation of statutory requirements through its police power (People v Ryan, 230 App Div 252). Without doubt the penalty provision of section 319 was enacted to protect the interests of the public and to safeguard them from uninsured motorists. A legitimate public purpose may always be served without regard to the constitutional limitation of due process (People v Perretta, 253 NY 305, 309). In determining whether a statute which has been adopted in the exercise of the police power is constitutional or not, the court is limited to looking just far enough to see if it is adapted in any way to bring about the desired end and, if so, it must be upheld (People v Ryan, supra, p 256). In the court’s view, section 319 serves a legitimate public purpose and is constitutional.
In passing, the court notes that, although this proceeding concerns the constitutionality of a State statute, neither counsel has seen fit to submit a brief.
The application is denied.