OPINION OF THE COURT
Jack Mackston, J.
Defendants, each charged with disorderly conduct, viola *495 tions of subdivisions 2 and 3 of section 240.20 of the Penal Law, now move for dismissal upon the ground that those sections are unconstitutionally vague.
Subdivisions 2 and 3 of section 240.20 of the Penal Law provide as follows:
"A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:
* * *
"2. He makes unreasonable noise; or
"3. In a public place, he uses abusive or obscene language, or makes an obscene gesture”.
There is a strong presumption that a statute, duly enacted is valid. (People v Pagnotta, 25 NY2d 333.) A court of first impression is not bound to set aside a law as unconstitutional unless that conclusion is inescapable (Incorporated Vil. of Lloyd Harbor v Town of Huntington, 143 NYS2d 797; People v Elkin, 196 Misc 188) and demonstrated beyond a reasonable doubt by the one asserting it. (Matter of Van Berkel v Power, 16 NY2d 37; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.) This, defendant has failed to do.
As was stated in People v Berck (32 NY2d 567, 569): "a penal law is void for vagueness when it '" 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden * * * ’ * * * 'ft is the rule that for validity a criminal statute must be informative on its face * * * and so explicit that’ all men subject to their penalties may know what acts it is their duty to avoid” ’ ”.
In interpreting penal statutes the words thereof are afforded their commonly accepted meaning. (People v Glubo, 5 NY2d 461.)
In International Harvester Co. v Kentucky (234 US 216, 223) Justice Holmes stated: "We regard this decision as consistent with Nash v. United States, 229 U. S. 373, 377, in which it was held that a criminal law is not unconstitutional merely because it throws upon men the risk of rightly estimating a matter of degree * * * It goes no further than to recognize that, as with negligence, between the two extremes of the obviously illegal and the plainly lawful there is a gradual approach and that the complexity of life makes it impossible to draw a line in advance without an artificial *496 simplification that would be unjust.” (See, also, People v Lenti, 44 Misc 2d 118.)
That more precise language may have been used in drawing a statute does not render it unconstitutional. (United States v Petrillo, 332 US 1.)
It is the court’s belief that when reasonably viewed the subject sections are not ambiguous, and defendants have failed to establish the contrary beyond a reasonable doubt. Accordingly, the motions are denied. The matter is set down for conference September 27, 1978, at 9:30 a.m.