OPINION OF THE COURT
Rockwell D. Colaneri, J.
Defendant is charged, inter alia, with violation of subdivision 4 of section 1192 of the Vehicle and Traffic Law, driving while impaired by the use of a drug. He now moves to dismiss on the grounds that the statute defining the offense is unconstitutional. (CPL 170.30, subd 1, par [a]; 170.35, subd 1, par [c].)
Specifically, the defendant contends that the statute fails for vagueness in that it contains no definition of the term "impaired”. In support of this position the defendant cites the recent case of People v Cruz (NYLJ, July 10, 1979, p 5, col 1). In that case the defendant was charged with an unspecified subdivision of section 1192 and since no intoxication test was given, it was impossible to determine whether defendant was being charged with the misdemeanor of driving while intoxi *1019 cated (subd 3), or the violation of driving while impaired (subd 1). The court held that since no standards were enunciated in the statute which would enable determination as to whether defendant was "impaired” or "intoxicated”, and since there was no evidence that the defendant was sufficiently drunk to make such standard unnecessary, subdivisions 1 and 3 of section 1192 were unconstitutionally vague.
In the case at bar. the defendant is not charged with a violation of subdivisions 1 or 3 of section 1192, but rather with a violation of subdivision 4. Since there was no discussion of subdivision 4 in the Cruz decision, it cannot be said to be authoritative herein. Moreover, the rationale of the Cruz decision is clearly inapplicable to a violation of subdivision 4. As noted above, the key aspect of the court’s holding in Cruz was that where a differentiation was required between "impaired” and "intoxicated”, some definition of those terms was required to establish a line of demarcation between conduct constituting a misdemeanor and conduct constituting a violation. In contrast, the section violated herein prohibits operation while "impaired” only and requires no differentiation between degrees of drug influence. Hence, there is no vagueness question in the sense present in Cruz.
The court concludes that the statute herein is sufficiently clear so as to warn a person of ordinary intelligence that the conduct contemplated is forbidden by statute (United States v Harriss, 347 US 612). Moreover it is well settled that one who would challenge the constitutionality of a statute must demonstrate the invalidity beyond a reasonable doubt. (Matter of Van Berkel v Power, 16 NY2d 37.) Defendant’s reliance upon a case which, as noted above, is inapplicable, fails to satisfy the burden.
The motion is denied.
This matter shall appear for trial on October 29, 1979.