OPINION OF THE COURT
William H. Bristol, J.
On November 29, 1980, the defendants were arrested and charged with, among other things, a violation of subdivision 2 of section 240.20 of the Penal Law. This section states that:
“A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: * * *
“2. He makes unreasonable noise”.
Defendant Ioannis Bakolas was also charged with a violation of subdivisions 1 and 5 of section 240.20. Defendant Evangelos Bakolas was also charged with violation of subdivision 5 of section 240.20.
Both defendants have moved to dismiss these informations on the grounds that this statute is unconstitutional on its face. It is defendants’ claim that the statute is constitutionally infirm because it is both overbroad and vague.
The court has earlier held that subdivisions 1 and 5 of section 240.20 of the Penal Law are neither vague nor *75 overbroad and therefore pass constitutional muster. The basis for the court’s holding in this regard is the reasoning found in Grayned v City of Rockford (408 US 104). As in Grayned (supra), subdivisions 1 and 5 of section 240.20 operate in a particular context and give fair notice to those to whom it is directed of the type of conduct that is expected of them. (Accord People v Grandy, 96 Misc 2d 494.)
Thus, the sole issue before this court is whether subdivision 2 of section 240.20 of the Penal Law is constitutional.
As noted in People v Pagnotta (25 NY2d 333), “There is a strong presumption that a statute, duly enacted is valid. A court of first impression is not bound to set aside a law as unconstitutional unless that conclusion is inescapable (Incorporated Vil. of Lloyd Harbor v Town of Huntington, 143 NYS2d 797 [citation omitted]) and demonstrated beyond a reasonable doubt by the one asserting it. (Matter of Van Berkel v Power, 16 NY2d 37.)” (See People v Grandy, supra, p 495.)
An ordinance will be void for vagueness (Papachristou v City of Jacksonville, 405 US 156, 162) when: “It-Tails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute,’ United States v. Harriss, 347 U. S. 612, 617, and [thus] encourages arbitrary and erratic arrests and convictions. Thornhill v. Alabama, 310 U. S. 88; Herndon v. Lowry, 301 U. S. 242.”
As Mr. Justice Marshall stated in Grayned v City of Rockford (408 US 104, 108-109, supra): “It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries *76 for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute ‘abut[s] upon sensitive areas of basic First Amendment freedoms,’ it ‘operates to inhibit the exercise of [those] freedoms.’ Uncertain meanings inevitably lead citizens to ‘ “steer far wider of the unlawful zone” *** that if the boundaries of the forbidden areas were clearly marked.’ ”
Here, defendants are charged with making an “unreasonable” noise with the intent to cause public inconvenience, annoyance or alarm, etc. To paraphrase Coates v City of Cincinnati (402 US 611), what is unreasonable noise to some people is not unreasonable to others. Just as beauty is in the eyes of the beholder, “unreasonable noise” depends upon the ear and mind of the listener. This statute offends all three values mentioned by Justice Marshall in Grayned (supra). Most clearly, it sanctions arbitrary application by law enforcement personnel and the courts because of its vagueness. This, by itself, is a distinct constitutional defect. (Giaccio v Pennsylvania, 382 US 399; see, also, Shuttlesworth v City of Birmingham, 382 US 87.)
Accordingly, this court holds subdivision 2 of section 240.20 of the Penal Law to be unconstitutional on its face and the defendants’ application to dismiss as to this charge against each defendant is granted.