COMMUNIST WORKERS PARTY,
et al., Plaintiffs,

v.

CITY OF EAST CHICAGO, INDIANA,
et al., Defendants.

No. H 79–598.

United States District Court,
N.D. Indiana,
Hammond Division.

Sept. 21, 1982.

C. Peter Erlinder, David Thomas, Chicago, Ill., for plaintiffs.

Michael W. Bosch, East Chicago, Ind., for defendants.

**48**

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, Ind., for intervenor.

### ORDER

KANNE, District Judge.

This matter is before the Court on the motion of the plaintiffs for a preliminary injunction, pursuant to Fed.R.Civ.P. 65(a). A hearing was held on the motion on February 4, 1980, before the Hon. Phil M. McNagny, Jr., who took the motion under advisement. Briefs on the issue of abstention were filed by the parties and intervenor in the latter part of 1981.

Upon consideration of the record, including the pleadings, memoranda, exhibits, and transcript of the hearing before Judge McNagny, the Court makes the following ruling.

JURISDICTION:

■ This is not a situation in which the Court is obligated to abstain from exercising jurisdiction under the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). There is no pending action against plaintiffs in the state courts; thus, their situation is comparable to that of the plaintiff in *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). In that case, the Supreme Court ruled that declaratory relief could be sought in cases where no state proceeding under an allegedly invalid law is pending against the plaintiff, since in those circumstances "considerations of equity, comity, and federalism have little vitality." 415 U.S. at 462, 94 S.Ct. at 1217.

Further, as the Court noted in *Procunier v. Martinez,* 416 U.S. 396, 404, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974), "we are mindful of the high cost of abstention when the federal constitutional challenge concerns facial repugnance to the First Amendment." *See also Foster v. Zeeko,* 540 F.2d 1310 (7th Cir.1976); *Drexler v. Southwest Dubois School Corp.,* 504 F.2d 836, 848 (7th Cir. 1974); *Devlin v. Sosbe,* 465 F.2d 169, 172 (7th Cir.1972).

STANDING:

■ However, plaintiffs who do not have criminal proceedings pending against them must clear another hurdle—that of establishing their standing to challenge a criminal statute on constitutional grounds. They must do more than simply allege a "subjective chill" of their First Amendment rights; there must be a "claim of specific present objective harm or a threat of specific future harm." *Laird v. Tatum,* 408 U.S. 1, 13–14, 92 S.Ct. 2318, 2326, 33 L.Ed.2d 154 (1972). In this case, plaintiffs seek to enjoin the enforcement of Indiana Code § 35–45–1–3(2), and East Chicago City Code §§ 29–33, 29–34(k), 29–34(*l*), 29–36, and 29–37.

Plaintiffs Diaz and Hashiguchi were arrested on September 16, 1979, for violating the Indiana Disorderly Conduct Statute. They had been singing songs and addressing a group of people on the corner of 138th and Main Streets in East Chicago, Indiana. They were using a sound amplifier system, which caused their voices to carry at least as far as one block away to 138th and Deodar. Late that morning, Anacelia Agosto, a resident of the neighborhood, and others in the crowd, asked Officer Lorenzo Munoz to remove the speakers; Munoz observed the crowd's opposition to the speakers grow to the point where he felt there was danger of violence to them. He sought the assistance of Sergeant John Ramos, who was in a squad car patrolling the area. The two then approached plaintiffs and others in their group. They ordered various individuals in the crowd to get off the street and onto the sidewalk. They then asked plaintiffs to stop using the loudspeaker system. Plaintiffs refused, and after an altercation, the two officers arrested them.

The two were tried in the Superior Court of Lake County, Criminal Division, and acquitted on January 29, 1980. *State of Indiana vs. Mario Diaz and James Hashiguchi,* Cause No. 121263, 121264, 121270, 121271. Between September 17, 1979, and February 4, 1980, plaintiffs distributed literature in the community half a dozen times. Once, when they were doing so and using a bullhorn as they had been when they were

arrested in September, an East Chicago policeman told them to stop because they did not have a permit. Several days later, on December 5, 1979, plaintiffs attempted to get a permit to parade from the Assistant Chief of Police and were turned down. After counsel for plaintiffs intervened, they were given a permit on or about December 7, 1979. There is no evidence before the Court under what statutory authority the police required and subsequently granted a permit.

■ Standing to sue to enjoin a statute which allegedly violates the First Amendment exists where prosecution under that statute has been brought or threatened against an individual. *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

In *Steffel v. Thompson, supra,* plaintiff's cohort had been arrested for violating Georgia's criminal trespass statute by distributing handbills, while plaintiff had stopped doing so to avoid arrest. The Court held that this was sufficient to show a threat of prosecution under Ga.Code § 26–1503, with which his companion had been charged. On the other hand, in *Boyle v. Landry,* the Court rejected plaintiff's standing to sue where no threats of or actual prosecutions under the challenged statutes could be shown. Said the Court:

> [I]t appears from the allegations that those who originally brought this suit made a search of state statutes and city ordinances with a view to picking out certain ones that they thought might possibly be used by the authorities as devices for bad-faith prosecutions against them.

401 U.S. 77, 81, 91 S.Ct. 758, 760, 27 L.Ed.2d 696 (1971).

The individual plaintiffs herein are somewhere between *Steffel* and *Boyle*. Although they have been arrested once under the Indiana Disorderly Conduct Statute, it is not clear that they were threatened with arrest under that statute in December. There is no reference to a permit in that statute, and none of the parties have indicated that a permit system has been set up in accordance with its administration.

Likewise, requirement of a permit is not mentioned in any of the challenged city ordinances.

■ Because plaintiffs were not arrested nor apparently threatened with arrest under any of the East Chicago ordinances, the Court finds that they lack standing to challenge their validity herein. Their previous arrest for violating § 35–45–1–3(2) in conjunction with the December 1 order to cease using the bullhorn without a permit, by contrast, brings them within the *Tatum* standard of threatened specific harm. Thus, they have standing to challenge the Indiana statute.

FIRST AMENDMENT CHALLENGE:

■ A limiting construction of a statute by the state's courts may save a statute from facial invalidity, under the First and Fourteenth Amendments. *Gooding v. Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). In *Hess v. Indiana,* 260 Ind. 427, 297 N.E.2d 413 (1973), the United States Supreme Court reversed the Indiana Supreme Court's validation of I.C. § 35–27–2–1, the predecessor to § 35–45–1–3. The High Court found that laws capable of punishing pure speech must be limited to "narrowly limited classes of speech," such as obscenity, fighting words, advocacy "directed to inciting or producing imminent lawless action," or constituting a public nuisance invading "substantial privacy interests" in an "essentially intolerable manner." 414 U.S. 105 at 107–108, 94 S.Ct. 326 at 328, 38 L.Ed.2d 303.

■ In *State v. New,* Ind., 421 N.E.2d 626 (1981), the Indiana Supreme Court interpreted I.C. 35–45–1–3(2) as being neither impermissibly vague nor overbroad, and found that if applied to speech, would forbid only the types of speech described in *Hess v. Indiana, supra.* The Court finds that the Indiana Court has thus limited the application of the statute so that it is neither unconstitutionally broad nor so vague that it fails to warn the person of ordinary intelligence as to what conduct is prohibited. *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954).

**50**

Other state courts have likewise found statutes prohibiting "unreasonably loud noise" constitutional. *State v. Tavarozzi,* 446 A.2d 1048 (R.I.1982); *People v. Grandy,* 96 Misc.2d 494, 409 N.Y.S.2d 77 (1978); *State v. Marker,* 21 Or.App. 671, 536 P.2d 1273 (1975); *City of St. Louis v. Tinker,* 542 S.W.2d 512 (Mo.1976); *Commonwealth v. Weiner,* 230 Pa.Super. 245, 326 A.2d 896 (1974); *State v. Anon.,* 6 Conn.Cir. 667, 298 A.2d 52 (1972); *People v. Raby,* 40 Ill.2d 392, 240 N.E.2d 595 (1968), *cert. denied,* 393 U.S. 1083, 89 S.Ct. 867, 21 L.Ed.2d 776 (1969).

In *Broadrick v. Oklahoma,* the Supreme Court described injunction of a statute because it sweeps too broadly as "strong medicine," which need not be utilized when a limiting construction has been placed on the challenged law. 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973). The construction of I.C. 35–45–1–3(2) by the Supreme Court in *State v. New, supra,* eliminates the facial First Amendment problems raised by plaintiffs in their motion for preliminary injunction.

Accordingly, the Court will deny the prayer for preliminary injunctive relief.

IT IS THEREFORE ORDERED that plaintiffs' motion for a preliminary injunction be and is hereby DENIED.